IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER SMYCZEK, and KIETH CASSARA, individually and on behalf of all others similarly situated | CASE NO. |
| | JUDGE: |
| Plaintiffs, | |
| | **COLLECTIVE ACTION COMPLAINT** |
| v. | |
| JOURNEY INN, LLC<br>888 Lorain Blvd.<br>Elyria, Ohio 44035 | |
| Defendant. | |

Plaintiffs Alexander Smyczek and Keith Cassara, by and through undersigned counsel, on behalf of themselves and on behalf of all others similarly situated, brings this Complaint against Defendant Journey Inn, LLC., and in support of their claims, states as follows:

**PRELIMINARY STATEMENT**

1. This Complaint is filed as a collective action under 29 U.S.C. § 216(b), and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period as hourly employees for Defendant, in the business of providing temporary lodging to the general public.

2. Smyczek, Cassara, and similarly situated employees are non-exempt, and were not paid minimum wages for all hours worked.

3. As a result of Defendant's failure to compensate Smyczek, Cassara, and similarly situated employees for all hours worked, Defendants have violated the requirements of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and the Prompt Pay Act, Ohio Rev. Code § 4113.15 by failing to pay Smyczek, Cassara, and similarly situated employees, minimum wages for all hours worked, as required by the FLSA, OMFWSA, and Ohio Rev. Code § 4113.15.

4. Smyczek and Cassara bring this action on behalf of themselves and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action involves a federal question under the FLSA.

6. The Court's jurisdiction is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental jurisdiction.

7. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because Defendant operates a business in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiffs**

8. Plaintiff Alexander Smyczek is a resident of the city of Elyria, county of Lorain, and state of Ohio. Smyczek was hired by Defendant as a maintenance technician in March 2020. Smyczek resigned from his employment with Defendant in May 2022.

9. In November 2020 Defendant ceased paying Smyczek for any hours worked.

10. Plaintiff Keith Cassara is a resident of the city of Elyria, county of Lorain, and state of Ohio. Cassara was hired by Defendant to perform housekeeping and security duties in November 2020. Cassara resigned from his employment with Defendant in June 2022.

11. In November 2020 Defendant ceased paying Cassara for any hours worked.

**Defendant**

12. Defendant Journey Inn is an Ohio corporation that operates a place of business located at 888 Lorain Boulevard, Elyria, Ohio 44035.

13. Journey Inn is a roadside hotel, providing temporary lodging primarily to motorists.

14. Journey Inn is an "employer" of Smyczek, Cassara, and similarly situated employees as that term is defined by the FLSA and the OMFWSA.

15. At all relevant times, Journey Inn maintained control, oversight, and direction over Smyczek, Cassara, and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

16. At all relevant times, Journey Inn has been and continues to be an enterprise engaged in interstate commerce within the meaning of the phrase as used in the FLSA.

17. Journey Inn's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

## FACTUAL ALLEGATIONS

18. Smyczek, Cassara, and similarly situated employees work or worked for Defendant during the applicable statutory period.

19. Smyczek, Cassara, and similarly situated employees are engaged in an activity that is closely related and directly essential to the production of goods for interstate commerce.

3

20. Smyczek, Cassara, and similarly situated employees are covered employees who are not otherwise exempt.

21. The FLSA requires employers of covered employees who are not otherwise exempt to pay these employees a minimum wage of not less than $7.25 per hour.

22. The OMFWSA requires employers of covered employees who are not otherwise exempt to pay these employees a minimum wage of not less than $8.55 per hour.

23. Defendant has a policy of not paying The OMFWSA, and similarly situated employees minimum wage.

24. Defendant knew that Smyczek, Cassara, and similarly situated employees worked without receiving minimum wage pay because Plaintiffs provided Defendant with time sheets for all hour worked, but Defendants did not provide them with any compensation for those hours.

25. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Smyczek and Cassara bring Count I on behalf of themselves and all similarly situated individuals. The proposed collective class ("FLSA Collective") is identified as follows:

    All employees who have been employed by Defendant from July 13, 2019 until the date of final judgment in this matter.

27. Smyczek and Cassara consent to assert their claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b).

28. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

29. Members of the proposed FLSA Collective are known to Defendant and are readily identifiable through Defendant's records.

30. Smyczek, Cassara, and the FLSA Collective are all victims of Defendant's widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have caused significant damage to Smyczek, Cassara, and the FLSA Collective.

31. The FLSA Collective would benefit from the issuance of court-supervised notice of this lawsuit and an opportunity to join by filing their written consent.

### **COUNT I – FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF FLSA**

32. Plaintiffs reallege and incorporate by reference the above paragraphs as if fully set forth herein.

33. Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

34. The FLSA, 29 U.S.C. § 207, requires covered employers like Defendant to pay non-exempt employees like Smyczek, Cassara, and the FLSA Collective minimum wage.

35. Smyczek, Cassara, and the FLSA Collective worked for Defendants, but Defendant did not pay them the minimum wage required by the FLSA.

36. Defendant has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Smyczek, Cassara, and the FLSA Collective.

37. Defendant knew Smyczek, Cassara, and the FLSA Collective worked without receiving minimum wage, and they willfully failed and refused to pay Smyczek, Cassara, and the FLSA Collective minimum wages pursuant to 29 U.S.C. § 255.

38. Defendant's willful failure and refusal to pay Smyczek, Cassara, and the FLSA Collective minimum wages for time worked violates the FLSA, 29 U.S.C. § 207.

5

39. As the direct and proximate result of Defendant's unlawful conduct Smyczek, Cassara, and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Smyczek, Cassara, and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

### COUNT II – FAILURE TO MINIMUM WAGE IN VIOLATION OF OHIO MINIMUM WAGE STANDARDS ACT
**(On Behalf of Smyczek and Cassara)**

40. Plaintiffs reallege and incorporate by reference the above paragraphs as if fully set forth herein.

41. Starting November, 2020, Defendants did not pay Smyczek and Cassara, at least minimum wages.

42. By not paying Smyczek and Cassara, proper minimum wages for time worked, Defendant has violated the OMFWSA.

43. As a result of Defendant's violations, Smyczek and Cassara, are entitled to damages, including, but not limited to, unpaid minimum wages, costs, and attorney's fees.

### COUNT III – UNTIMELY PAYMENT OF WAGES IN VIOLATION OF OHIO REV. CODE § 4113.15
**(On Behalf of Smyczek and, Cassara)**

44. Plaintiffs reallege and incorporates by reference the above paragraphs as if fully set forth herein.

45. During all relevant times, Journey Inn was an entity covered by the Prompt Pay Act, Ohio Rev. Code § 4113.15, and Smyczek and Cassara were employees within the meaning of Ohio Rev. Code § 4113.15 and were not exempt from its protections.

46. Ohio Rev. Code § 4113.15(A) requires that Journey Inn pay Smyczek and Cassara all wages, including unpaid minimum wage, on or before the first day of each month, for wages

6

earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

47. Smyczek and Cassara's unpaid wages have remained unpaid for more than thirty (30) days beyond her regularly scheduled payday.

48. In violating Ohio law, Journey Inn acted willfully, without a good faith basis, and with reckless disregard to Ohio law.

49. As a result of Journey Inn's willful violation, Smyczek and Cassara are entitled to unpaid wages and liquidated damages, as stated in Ohio Rev. Code § 4113.15.

**WHEREFORE**, Plaintiffs pray for all the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Smyczek, Cassara, and their counsel to represent the collective action members;

B. Unpaid minimum wage, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the OMFWSA, and Ohio Rev. Code § 4113.15;

D. An award of unpaid minimum wages under the OMFWSA;

E. Liquidated damages under Ohio Rev. Code § 4113.15;

F. An award of any pre-judgment and post-judgment interest.

G. An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

H. Such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted,

/s/ *Claire I. Wade*
Claire I. Wade (0093174)
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Suite 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
wade@swmlawfirm.com
sobel@swmlawfirm.com

*Attorney for Plaintiffs* Smyczek, Cassara*,
and the FLSA Collective*

8

## JURY DEMAND

Plaintiffs hereby demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Claire I. Wade*
Claire I. Wade (0093174)